**DECLARATION OF MATTHEW BOSLEY**

I, Matthew Bosley, am over 18 years of age and am competent to testify. I declare as follows:

1.  I am a resident of Baltimore City, Maryland.

2.  I graduated from Salisbury University in May 2019 with a bachelor's degree in Human Resources Management and Personnel Administration. I worked during college and was able to graduate without student loans.

3.  During the summer of 2019, I worked as an administrative recruiter at a staffing company while also working part time at a furniture store and doing some food delivery through Door Dash.

4.  In October 2019, my boss at the staffing company informed me that if I continued to excel as an administrative recruiter I would be promoted to a staffing manager position, so I quit the furniture job and stopped doing gig work to focus on my full-time job at the staffing company. It was a good job and I put a lot of myself into it as I worked to turn it into a career. I was promoted to staffing manager in February 2020.

5.  Toward the end of March 2020, as the pandemic shut down large parts of the economy, I learned that the staffing company was laying me off along with most of my department because the company no longer had enough work. Then on April 1, 2020, I and most of my department were formally laid off.

6.  On or around that date, I applied for unemployment benefits through the Maryland Department of Labor (MDL).

7.  However, during April 2021 and May 2021, MDL did not provide me with any unemployment benefits. Nor did MDL give me any explanation for the delay.

**EXHIBIT 5**

DocuSign Envelope ID: 6DC058FA-DB1A-4459-8E62-B80D74304169

8.     During these two months, I called MDL hundreds of times to try to learn why I was not getting benefits and what I could do to fix whatever problem there was. But nearly every time I called the line was busy or MDL put me on hold, sometimes for hours at a time.

9.     On May 5, 2020, I received a form email from MDL with the subject line "Solution to Mistakenly Inactivated Claims Due to New Webcert Questions." The email was not about my claim specifically or an issue I had experienced, and seemed to have been sent to all unemployment claimants. Nevertheless, I replied to this email on May 18, 2021, noting that "I was laid off from my job due to COVID-19 on April 1st" and had filed for unemployment but had "yet to receive any monetary compensation whatsoever" despite being eligible. I added that I had "not received an inkling of information about how to proceed" despite filing my weekly certifications. I also noted that the delay was hurting me financially as I was forced to rely on my emergency funds. I also sent the same email to MDL's "UI Inquiry" email account that same day.

10.    On May 21, 2020, I received another email from MDL, this one with the subject line "Thank you for contacting the Maryland Department of Labor Re: Unemployment Benefits Assistance Inquiry." This email also did not have any information specific to my claim specifically and seemed to be a form email.

11.    I replied to this email about ten minutes after it arrived in my inbox, noting that despite calling MDL hundreds of times I was unable to speak with anyone and was running out of my emergency funds. I included in this email a screenshot of my BEACON homepage, but that did not help, as I never got a response from MDL.

12. On the very rare occurrence that one of my hundreds of calls to MDL was connected to an MDL representative, the representative simply told me something to the effect of "keep waiting and keep trying."

13. In mid-June 2020, during the third or fourth phone call that actually led to my being connected to an MDL representative, the representative told me to apply for PUA. He said I qualified for PUA because of my work with Door Dash and MDL could issue PUA payments while I was waiting for my Regular UI claim to be approved.

14. I applied for PUA on June 21, 2020, on this MDL representative's suggestion. MDL approved me for PUA with a weekly benefit amount of $176 plus additional federal funds, and I began to receive unemployment benefits nearly three months after I had first applied.

15. Despite what MDL's representative had told me, though, I never got a determination on my eligibility for Regular UI, which would have provided a higher benefit amount. So, on November 12, 2020, I emailed MDL again, indicating that had "tried tirelessly to resolve this issue by calling unemployment since May," that I had "been hung up on numerous times, been on hold for hours, and giv[en] conflicting information from representatives." I also cited my "ticket number," which was a number MDL had generated for my issue. But MDL did not respond to my email.

16. In December 2020 I got a new part-time job at a marketing agency. I was soon promoted and it turned into a full-time job in January 2021, so I stopped doing weekly unemployment claim certifications, stopped receiving unemployment benefits, and stopped logging into BEACON. I was thrilled to no longer have to rely on MDL for unemployment benefits, given what a nightmare it had been for me.

17. In August 2021 a friend told me that she had been issued a surprise overpayment notice for unemployment that she did not understand. She suggested I log back into BEACON to check that the same thing had not happened to me.

18. I logged into BEACON for the first time in months in mid-August 2021. That is when I learned that MDL had issued two overpayment notices against me in March 2021. Until that moment I had never seen these notices or anything else about an overpayment. Nothing about an overpayment had been mailed to me nor emailed to me.

19. MDL obviously had my address and email address and I had selected email as my preferred method of communication in my UI application – nor had I received a text message from MDL about them.

20. The first overpayment notice is dated March 12, 2021, and indicates an overpayment of $26,131. *See* Attachment A. The notice states, "Through a review of our records, we have determined that you received Unemployment Insurance (UI) benefits which you were not entitled to" and ordered me to repay those benefits. The notice further states "If we determined that you made a false statement or failed to disclose a fact to receive or increase your benefits, then we have determined that you committed fraud under Maryland UI law" and MDL would impose "a one-time fraud penalty of 15% and monthly fraud interest of 1.5%." But the notice did not indicate anywhere why I was being subjected to this overpayment and did not indicate whether I was being accused of some kind of fraud. The notice also states that I "may have already received" an appealable determination "that is related to this overpayment," but I did not receive such a determination. And in any event, the notice indicated that I could only "appeal the basis for this overpayment within 15 days of the original determination," and five months had passed since the date of the overpayment notice.

21. The second overpayment notice is dated March 15, 2021, and indicates an overpayment of $7,373. *See* Attachment B. It includes identical language to the first overpayment notice.

22. BEACON also showed a statement of wages and monetary eligibility for Regular UI dated March 15, 2021, with a weekly benefit amount of $430. This is what I believed I was always entitled to. But it made no sense to me that I was getting hit with an overpayment after MDL found that I was eligible for UI.

23. In August 2021 I left my job at the marketing agency and completed a short fact-finding questionnaire in BEACON. I also submitted an overpayment waiver request to MDL soon after learning of the overpayments in August 2021, writing that I had used the UI payments I received for necessities like "food, water, rent, electricity, and bills." This was true – I had relied on the unemployment benefits to help tide me over during the worst months of the pandemic before I got a new job.

24. In September 2021, I was able to schedule an in-person appointment at MDL's office at 1100 Eutaw Street in Baltimore. I thought if I could just explain the situation to someone with the authority to fix it, maybe this nightmare would end. At a minimum, I hoped to learn what MDL believed was the basis for the overpayments so I could figure out how to respond. But when I got there, it turned out that it was not an in-person appointment. Rather, an MDL employee told me to go into a phone-booth style station with a computer to be connected to a different MDL representative via Zoom. But then another MDL employee who was physically present told me that due to technical difficulties I could not connect with whoever was scheduled to talk with me. Later that day, I received a phone call from someone at MDL who

told me something to the effect of "don't worry about anything, we have your waiver request, we're going to resolve your overpayment, we're just waiting for the Secretary to sign off on it."

25.     However, on October 5, 2021, I received a letter from MDL dated October 1, 2021, titled "Tax Refund Intercept Certification," indicating that I had "an outstanding debt of $36854.40" (the combined amount in the two overpayment notices combined plus a 10% fee) and MDL would intercept my tax refund to cover it.  The letter indicated that he could request an investigation within 15 days of the October 1 mail date, so I sent a letter requesting such an investigation, explaining the situation and my pending waiver request.  But I have not heard from anyone about any investigation.

26.     My struggles with UI – first MDL's initial failure to pay me anything for months, and now these incomprehensible and overwhelming overpayment determinations – have affected me greatly.  It feels like there is a $36,000 cloud over my head.  I do not know what expenses I can incur – for example, should I re-sign my lease, can I get a new car, or should I start paying back this massive debt?  I do not know what I can afford.  I was able to graduate from college without any debt because of the jobs I had and the work I did, and now it feels like my future is a huge grey area where I cannot find any clarity.

27.     I started a new job on November 1, 2021.  But I remain extremely nervous and stressed about what will happen with these overpayments.

I declare under penalty of perjury that the foregoing is true and correct.

_Matthew Bosley_                                                                11/22/2021
Matthew Bosley                                                                  Date

# ATTACHMENT A

DocuSign Envelope ID: 6DC058FA-DB1A-4459-8E62-B80D74304169

# Maryland
**DEPARTMENT OF LABOR**

DIVISION OF UNEMPLOYMENT INSURANCE
1100 North Eutaw Street
Baltimore, MD 21201

03/12/2021
Claimant

MATTHEW BOSLEY
400 SYMPHONY CIRCLE
APT. 337
HUNT VALLEY MD 21030


26348406

## Notice of Benefit Overpayment

Dear MATTHEW E BOSLEY:

Through a review of our records, we have determined that you received Unemployment Insurance (UI) benefits which you were not entitled to. In order to ensure that there are funds to support those who have become unemployed through no fault of their own, please repay the amount of benefits that you received improperly.

**Fraud:** If we determined that you made a false statement or failed to disclose a fact to receive or increase your benefits, then we have determined that you committed fraud under Maryland UI law. There will be a one-time fraud penalty of 15% and monthly fraud interest of 1.5% added to your debt. You will not receive any future benefits until you have repaid the overpayment, penalty, and interest. You will also be disqualified from receiving benefits for at least 1 year, depending on how many recent determinations of fraud you have.

If you do not repay the amount of benefits and any additional fines, penalties, and interest, then we will take legal action to collect the debt. If legal action is necessary and successful against you, the amount you owe will increase for any court costs and post-judgment interest provided.

| Determination Date | Week Overpaid | Overpaid Amount |
|---|---|---|
| 03/11/2021 | Week ending 04/04/2020 | $827.00 |
| 03/11/2021 | Week ending 04/11/2020 | $849.00 |
| 03/11/2021 | Week ending 04/18/2020 | $841.00 |
| 03/11/2021 | Week ending 04/25/2020 | $900.00 |
| 03/11/2021 | Week ending 05/02/2020 | $776.00 |
| 03/11/2021 | Week ending 05/09/2020 | $776.00 |
| 03/11/2021 | Week ending 05/16/2020 | $776.00 |

UI.Inquiry@maryland.gov | 667-207-6520 | www.labor.maryland.gov/UIHelp

LARRY HOGAN, GOVERNOR | BOYD K. RUTHERFORD, LT. GOVERNOR | TIFFANY P. ROBINSON, SECRETARY

| | | |
|---|---|---|
| 03/11/2021 | Week ending 05/23/2020 | $776.00 |
| 03/11/2021 | Week ending 05/30/2020 | $776.00 |
| 03/11/2021 | Week ending 06/06/2020 | $1,030.00 |
| 03/11/2021 | Week ending 06/13/2020 | $1,030.00 |
| 03/11/2021 | Week ending 06/20/2020 | $1,030.00 |
| 03/11/2021 | Week ending 06/27/2020 | $1,030.00 |
| 03/11/2021 | Week ending 07/04/2020 | $1,030.00 |
| 03/11/2021 | Week ending 07/11/2020 | $1,030.00 |
| 03/11/2021 | Week ending 07/18/2020 | $1,030.00 |
| 03/11/2021 | Week ending 07/25/2020 | $1,030.00 |
| 03/11/2021 | Week ending 08/01/2020 | $730.00 |
| 03/11/2021 | Week ending 08/08/2020 | $730.00 |
| 03/11/2021 | Week ending 08/15/2020 | $730.00 |
| 03/11/2021 | Week ending 08/22/2020 | $730.00 |
| 03/11/2021 | Week ending 08/29/2020 | $730.00 |
| 03/11/2021 | Week ending 09/05/2020 | $730.00 |
| 03/11/2021 | Week ending 09/12/2020 | $430.00 |
| 03/11/2021 | Week ending 09/19/2020 | $430.00 |
| 03/11/2021 | Week ending 09/26/2020 | $430.00 |
| 03/11/2021 | Week ending 10/03/2020 | $430.00 |
| 03/11/2021 | Week ending 10/10/2020 | $430.00 |
| 03/11/2021 | Week ending 10/17/2020 | $430.00 |
| 03/11/2021 | Week ending 10/24/2020 | $430.00 |
| 03/11/2021 | Week ending 10/31/2020 | $430.00 |
| 03/11/2021 | Week ending 11/07/2020 | $430.00 |
| 03/11/2021 | Week ending 11/14/2020 | $430.00 |
| 03/11/2021 | Week ending 11/21/2020 | $430.00 |
| 03/11/2021 | Week ending 11/28/2020 | $430.00 |
| 03/11/2021 | Week ending 12/05/2020 | $430.00 |
| 03/11/2021 | Week ending 12/12/2020 | $424.00 |
| 03/11/2021 | Week ending 12/19/2020 | $200.00 |
| | | |
| | Total: | $26131.00 |

26348406

Please read other side for important information

### REPAYMENT AGREEMENTS

If you are unable to repay the full amount of this overpayment at this time, you will be allowed to make monthly payments if you sign a repayment agreement and payments are

MARYLAND DEPARTMENT OF LABOR

DocuSign Envelope ID: 6DC058FA-DB1A-4459-8E62-B80D74304169

made as outlined in the agreement.  If you wish to establish a repayment agreement, complete and return the enclosed repayment agreement with your first payment in the enclosed envelope.  Each month you will receive a statement reflecting your monthly payments received prior to the 25th of the month, and your remaining balance.

You should make your check or money order payable to the DEPARTMENT OF LABOR, or LABOR and mail your payments to PO Box 1931, Attention: Benefit Payment Control, Room 206, Baltimore, MD 21203-1931.  To ensure proper credits to your account, please put your Claimant ID on all payments and correspondence.

PLEASE NOTIFY THIS OFFICE IF YOUR ADDRESS CHANGES.
You can notify us in writing or through your claimant portal.

## NOTICE OF BENEFIT OVERPAYMENT

You may have already received an appealable monetary determination, nonmonetary determination, or appeal decision that is related to this overpayment.  If not, you may obtain one from this agency.  You may be able to appeal the basis for this overpayment within 15 days of the original determination or appeal decision.

If you have questions regarding your appeal rights or this overpayment, refer to the sections about overpayments in the Claimant UI Guide, to which you were given a link or mailed a copy when you filed your initial claim.  Contact the claimant telephone service at 410-949-0022.  Hearing impaired?  Contact Maryland Relay 711.

## WAIVER OF OVERPAYMENT

You may request a waiver of overpayment recovery within 30 days of this notice by contacting the Division of Unemployment Insurance for the waiver request form.  A waiver of overpayment recovery may be approved when, in the judgement of the Secretary of the Labor, you are without fault for the overpayment **AND** you lack the ability to pay now and in the foreseeable future, or are below the federal minimum poverty level and are likely to remain there for the foreseeable future.  An overpayment attributed to a violation of the fraud provision of the Maryland UI Law CANNOT be waived or discharged by bankruptcy.  A request for waiver of recovery of an overpayment does NOT act as an appeal of the issue that caused the overpayment.  The determination which caused an overpayment cannot be changed by the waiver process.

26348406

---

# ATTACHMENT B

DocuSign Envelope ID: 6DC058FA-DB1A-4459-8E62-B80D74304169

**Maryland DEPARTMENT OF LABOR**

DIVISION OF UNEMPLOYMENT INSURANCE
1100 North Eutaw Street
Baltimore, MD 21201

03/15/2021
Claimant

MATTHEW BOSLEY
400 SYMPHONY CIRCLE
APT. 337
HUNT VALLEY MD 21030


26432403

## Notice of Benefit Overpayment

Dear MATTHEW E BOSLEY:
Through a review of our records, we have determined that you received Unemployment Insurance (UI) benefits which you were not entitled to. In order to ensure that there are funds to support those who have become unemployed through no fault of their own, please repay the amount of benefits that you received improperly.

**Fraud:** If we determined that you made a false statement or failed to disclose a fact to receive or increase your benefits, then we have determined that you committed fraud under Maryland UI law. There will be a one-time fraud penalty of 15% and monthly fraud interest of 1.5% added to your debt. You will not receive any future benefits until you have repaid the overpayment, penalty, and interest. You will also be disqualified from receiving benefits for at least 1 year, depending on how many recent determinations of fraud you have.

If you do not repay the amount of benefits and any additional fines, penalties, and interest, then we will take legal action to collect the debt. If legal action is necessary and successful against you, the amount you owe will increase for any court costs and post-judgment interest provided.

| Determination Date | Week Overpaid | Overpaid Amount |
|---|---|---|
| 03/12/2021 | Week ending 04/04/2020 | $803.00 |
| 03/12/2021 | Week ending 04/11/2020 | $781.00 |
| 03/12/2021 | Week ending 04/18/2020 | $789.00 |
| 03/12/2021 | Week ending 04/25/2020 | $730.00 |
| 03/12/2021 | Week ending 05/02/2020 | $854.00 |
| 03/12/2021 | Week ending 05/09/2020 | $854.00 |
| 03/12/2021 | Week ending 05/16/2020 | $854.00 |

UI.Inquiry@maryland.gov | 667-207-6520 | www.labor.maryland.gov/UIHelp

LARRY HOGAN, GOVERNOR | BOYD K. RUTHERFORD, LT. GOVERNOR | TIFFANY P. ROBINSON, SECRETARY

|            |                         |          |
|------------|-------------------------|----------|
| 03/12/2021 | Week ending 05/23/2020  | $854.00  |
| 03/12/2021 | Week ending 05/30/2020  | $854.00  |
|            |                         |          |
|            | Total:                  | $7373.00 |

## REPAYMENT AGREEMENTS

If you are unable to repay the full amount of this overpayment at this time, you will be allowed to make monthly payments if you agree to a repayment agreement and payments are made as outlined in the agreement. If you wish to establish a repayment agreement, logon to your BEACON Portal at https://beacon.labor.md.gov/ and select the link for "Benefit Payment." If you are eligible for a repayment plan, there will be a link titled "Payment Plan." Each month you will receive a statement reflecting your monthly payments received prior to the 25th of the month, and your remaining balance.

You should make your check or money order payable to the DEPARTMENT OF LABOR, or LABOR and mail your payments to P.O. Box 1931, Attention: Benefit Payment Control, Room 206, Baltimore, MD 21203-1931. To ensure proper credits to your account, please put your Claimant ID on all payments and correspondence.
IF YOUR ADDRESS CHANGES PLEASE UPDATE YOUR PROFILE IMMEDIATELY:
You can update your profile by accessing your BEACON portal, utilizing the mobile app, or calling a claims agent at (667) 207-6520.

26432403

## NOTICE OF BENEFIT OVERPAYMENT

You may have already received an appealable monetary determination, nonmonetary determination, or appeal decision that is related to this overpayment. If not, you may obtain one from this agency. You may be able to appeal the basis for this overpayment within 15 days of the original determination or appeal decision.

If you have questions regarding your appeal rights or this overpayment, refer to the sections about overpayments in the Maryland Unemployment Insurance Claimant Guide, which can be found at mdunemployment.com. Contact a claims agent at (667) 207-6520.
Hearing impaired? Contact Maryland Relay 711.

## WAIVER OF OVERPAYMENT

You may request a waiver of overpayment recovery by completing a waiver request form and submitting it to the Division of Unemployment Insurance within 30 days of this notice. A waiver of overpayment recovery may be approved when, in the judgement of the Secretary of the Labor, you are without fault for the overpayment **AND** you lack the ability to pay now and in the foreseeable future, or are below the federal minimum poverty level and are likely to remain there for the foreseeable future. An overpayment attributed to a violation of the fraud provision of the Maryland UI Law CANNOT be waived or discharged by bankruptcy. An overpayment of Pandemic

**MARYLAND DEPARTMENT OF LABOR**

Unemployment Assistance benefits CANNOT be waived, regardless of cause. A request for waiver of recovery of an overpayment does NOT act as an appeal of the issue that caused the overpayment. The determination which caused an overpayment cannot be changed by the waiver process. To obtain the waiver request form, send an email to ui.overpaymentinquiry@maryland.gov.

## Babel Notice

¡IMPORTANTE!  Este documento contiene **información importante** sobre sus derechos, responsabilidades y/o beneficios.  Es importante que usted entienda la información en este documento.  Nosotros le podemos ofrecer la información en el idioma de su preferencia sin costo alguno para usted.  **Llame al (667) 207-6520** para pedir asistencia en traducir y entender la información en este documento.

(667) 207-6520

IMPORTANT!  Le présent document contient **des informations importantes** sur vos droits, vos responsabilités et/ou vos avantages.  Il est essentiel que vous compreniez les informations figurant dans ce document, et nous vous fournirons gratuitement les informations dans la langue de votre choix.  **Appelez au (667) 207-6520** pour obtenir de l'aide pour la traduction et la compréhension des informations contenues dans le présent document.

26432403

!             ,     /                             .

.  (667) 207-6520

.

LƯU Ý QUAN TRỌNG! Tài liệu này chứa **thông tin quan trọng** về quyền hạn, trách nhiệm và/hoặc quyền lợi của quý vị. Việc hiểu rõ thông tin trong tài liệu này là rất quan trọng, và chúng tôi sẽ cung cấp miễn phí cho quý vị thông tin này bằng ngôn ngữ mà quý vị ưa dùng. **Hãy gọi (667) 207-6520** để được trợ về việc thông dịch và hiểu thông tin trong tài liệu này.

**MARYLAND DEPARTMENT OF LABOR**