IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARK GORRES, et al., <br><br> Plaintiffs, on behalf of themselves and others similarly situated, <br><br> v. <br><br> TIFFANY ROBINSON, in her Official Capacity as Maryland Secretary of Labor, <br><br> Defendant. | Civil Action No.: 1:21-cv-03029-GLR |

### [Proposed] ORDER GRANTING PRELIMINARY INJUNCTION

Upon consideration of Plaintiffs' Motion for Preliminary Injunction, and any Response and Reply thereto (ECF Nos. _____), and any hearing at which counsel for the parties were present, the Court FINDS that:

(a) Plaintiffs have demonstrated a substantial likelihood of success on their claim that Defendant's policy, practice, or custom of failing to timely determine and pay claimants' initial unemployment insurance ("UI") benefits violates 42 U.S.C. § 503(a)(1) and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution;

(b) Plaintiffs have demonstrated a substantial likelihood of success on their claim that Defendant's policy, practice, or custom of suspending and failing to timely redetermine or restore continued claimants' UI benefits violates 42 U.S.C. § 503(a)(1) and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution;

(c)  Plaintiffs have demonstrated a substantial likelihood of success on their claim that Defendant's policy, practice, or custom of issuing overpayments without adequate pre-determination notice and opportunity to be heard in any investigation violates 42 U.S.C. § 503(a)(1) and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution;

(d)  Plaintiffs have demonstrated a substantial likelihood of success on their claim that Defendant's policy, practice, or custom of issuing overpayments without a written determination containing sufficient factual and legal information to understand the basis for the overpayment determination, failing to provide affected individuals notice of their right to appeal such overpayment determinations or the process for seeking a waiver, and undertaking to recoup money from affected individuals before providing such determination and notice violates 42 U.S.C. § 503(a)(3) and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution;

(e)  Plaintiffs have demonstrated a substantial likelihood of success on their claim that Defendant's policy, practice, or custom of providing benefit determinations, benefit redeterminations, overpayment notices, and other critical documents violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution because such notice is not reasonably calculated to reach affected claimants;

(f)  Plaintiffs have demonstrated a substantial likelihood of success on their claim that Defendant's policy, practice, or custom of flagging claims for fraud when claimants make clerical or technical errors such as uploading a photograph of

their identity document that does not display all four corners of the document – and, based on this fraud flag, suspending completion of eligibility determinations or redeterminations, delaying or suspending payment of benefits, and preventing flagged claimants from accessing their BEACON account and the critical documents located solely therein – violates 42 U.S.C. § 503(a)(1) and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution;

(g) In the absence of preliminary injunctive relief, Plaintiffs will continue to suffer irreparable harm;

(h) The balance of equities tips in Plaintiffs' favor;

(i) The injunctive relief Plaintiffs seek is in the public interest; and

(j) There is no adequate remedy at law.

Accordingly, it is hereby ORDERED that Plaintiffs' Motion is GRANTED and Defendant is enjoined from:

1. failing to issue written determinations of eligibility or pay benefits within 21 days of the last day of the week in which an individual makes a claim for UI benefits;

2. suspending payment of UI benefits for continued claims for more than 14 days without a written, appealable determination or redetermination or a resumption of benefits;

3. issuing overpayment determinations without adequate prior notice and opportunity to be heard on the possible overpayment;

4. issuing overpayment notices that lack an adequate explanation of the legal and factual basis for the determination, appeal rights, and an explanation of how claimants can seek a waiver;

5. undertaking to recoup overpayments from affected individuals without first providing the statutory and constitutional minimum process;

6. failing to provide benefit determinations, benefit redeterminations, overpayment notices, and other critical documents in a manner reasonably calculated to reach affected claimants;

7. flagging claims for fraud when claimants make clerical or technical errors and, based on this fraud flag, suspending completion of eligibility determinations or redeterminations and delaying or suspending payment of benefits;

8. preventing claimants from filing weekly certifications of their continued eligibility for UI benefits; and

9. failing to provide prompt and meaningful responses to queries from claimants.

Dated: _____
[Insert Name], Judge
U.S. District Court, District of Maryland